BENJAMIN F. BUTLER & another *vs.* HENRY FAIRBANKS & another.

A certificate made by two justices of the peace and of the quorum, in the form prescribed by the Rev. Sts. *c.* 98, § 10, of the administration of the oath to a poor debtor, is not invalidated by the failure of the justices to keep any further record, nor by the omission to state that the justices are disinterested and not related either to the creditor or the debtor.

ACTION OF CONTRACT on a bond for the liberty of the prison limits. Answer, a discharge of Fairbanks, the principal, upon taking the poor debtors' oath.

The facts upon which the case was submitted to the decision of the court, so far as they relate to the points considered, were as follows : The application of the debtor to the jailer, the communication thereof to a justice of the peace, and the citation to the creditor were in due form. The two justices of the peace and of the quorum made and kept no record, otherwise than by signing the following certificate :

" Worcester, ss. To Rufus Carter, underkeeper of the jail in Worcester. We, the subscribers, two of the justices of the peace for the said county of Worcester, and each of us of the quorum, hereby certify that Henry Fairbanks, a poor prisoner, confined upon execution for debt in the jail at Worcester, hath caused Benjamin F. Butler and William P. Webster, the creditors at whose suit he is so confined, to be notified according to law, of his, the said Fairbanks's, desire to take the benefit of the law for the relief of poor debtors ; that in our opinion the said Fairbanks hath not any estate, real or personal, to the amount of twenty dollars, except the goods and chattels which are by law exempted from being taken in execution; and hath not any other estate now conveyed or concealed, or in any way disposed of, with design to secure the same to his own use, or to defraud his creditors ; and we have, after due examination of the said Fairbanks, administered to him the oath prescribed by law to be taken by poor prisoners who are committed on execution for

debt. Witness our hands, this twenty third day of April Anno Domini 1853.          W. Jennison, ⎰ Justices of the Peace
                                      Wm. Eaton,   ⎱ and of the Quorum."

*B. F. Butler,* for the plaintiffs. 1. The certificate produced is not competent evidence of the administration of the poor debtors' oath; as it is not the record of the proceedings, or a copy thereof; but a mere notice to the jailer, reciting that the magistrates have administered the oath, so that he may discharge the prisoner. These proceedings being judicial, a record is presumed. Rev. Sts. *c.* 85, § 35. 1 Greenl. Ev. § 513.

2. If the certificate is to be deemed a record, it is the record of a court of inferior jurisdiction, and should therefore show not only that the justices are " of the quorum," but also that they are " disinterested, and not related either to the creditor or the debtor." Rev. Sts. *c.* 98, § 4.

*A. C. Clark,* for the defendants.

MERRICK, J. 1. This court have already decided that the certificate delivered by the examining magistrates to the jailer is all that is required to complete the debtor's discharge. *Green* v. *Wilbur,* 10 Cush. 439.

2. The objection of the plaintiffs to the validity of the proceedings, by virtue of which the defendant was discharged from custody, that it nowhere appears in the record that the justices were disinterested and not related to either of the parties, is, in view of the provisions of law upon the subject, unimportant and immaterial. The statute has prescribed the form in which the justices, who administer the oath to poor debtors imprisoned for debt, shall make their certificate of that fact. The certificate made by the justices in the present case was in exact conformity to that requisition, and may therefore well be held to be sufficient. The words of the statute are of plain import; and no judicial construction should be allowed to vary or modify their obvious meaning. Rev. Sts. *c.* 98, § 10.

*Judgment for the defendants.*